STATE, ex GRAEF, JR., Relator, v. BOARD OF ELECTIONS, MONTGOMERY COUNTY, etc., Respondents.

Ohio Appeals, Second District, Montgomery County.

No. 2342. Decided May 6, 1955.

Edgar J. Graef, Jr., Dayton, for relator.

Mathias H. Heck, Prosecuting Attorney, John P. McHugh, Asst. Pros. Attorney, Dayton, for respondents.

**OPINION**

By THE COURT:

This is an original action in mandamus in which relator seeks a writ against the Board of Elections of Montgomery County, Ohio, requiring the Board to order an election on relator's petition for detachment, to obtain the opinion of the electors residing within a portion of the Village of Kettering comprising not less than 1500 acres of land, upon the question of the detachment of said territory from said village and the erection of such detached area as a new township.

The matter is presented to this Court on a general demurrer to the petition. The petition alleges that the Board of Elections determined that the petition for detachment met all the various requirements of the statute, but that the Board declined to order an election on the petition in view of the decision of the Supreme Court of Ohio, on April 27, 1955, in the suit brought by Kettering Village against the Secretary of State to declare Kettering a city. The case referred to is **State ex Brubaker v. Brown, Secretary of State, 163 Oh St 241.**

Upon the filing of a petition for detachment with the Board of Elections, the Board is required to determine whether the petition conforms to the statute. **Sec. 709.39 R. C.** This section provides that "If it does conform, the board shall order an election, as prayed for in the petition." In the instant case the board having found that the petition conformed to all statutory requirements, it was required to order an election. In view of the finding, the board had no further discretion to exercise. The duty of the board to order an election was mandatory.

While the board considered itself morally bound by the Supreme Court ruling in the case of State ex rel. Brubaker v. Brown, supra, it was not legally bound, as no order conforming to the court's opinion has been journalized. Moreover, §703.06 R. C., in part provides that

"Thirty days after the issuance of such proclamation each municipal corporation shall be a city or village as the case may be." The secretary of state has not issued such proclamation, and is not likely so to do, until ordered to do so by the court in a final order journalized in the case now pending in the Supreme Court. Until this is accomplished, Kettering has the status of a village. The allegations in the petition are sufficient to constitute a good cause of action.

Demurrer overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.